IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2010 Session

# TAYLOR N. FRENCH, ET UX. v. RIVERBLUFF COOPERATIVE, INC., ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000102-06     D'Army Bailey, Judge**

_____

**No. W2009-00374-COA-R3-CV - Filed February 5, 2010**

_____

Defendants appeal the trial court's order denying their motion for attorney's fees due under the terms of the parties' contract. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Jerome Anthony Broadhurst, Bruce M. Smith and Janelle Catherine Clark, Memphis, Tennessee, for the appellants, Ross B. Clark and wife, Madge L. Clark.

William M. Jeter, Memphis, Tennessee, for the appellees, Taylor N. French and Gail L. French.

**MEMORANDUM OPINION**[1]

The only issue presented in this appeal, as we perceive it, is whether the trial court erred by not permitting Defendants Ross B. Clark and Madge L. Clark ("the Clarks") to

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

recover attorney's fees under a contract for the sale of real property executed by the Clarks and Plaintiffs, Taylor N. French and Gail L. French ("the Frenches"). This lawsuit began in January 2006, when the Frenches filed a complaint in the Circuit Court for Shelby County seeking damages for the costs of repairs to real property. In their complaint, the Frenches named Riverbluff Cooperative, Inc., the Clarks, and Lila Saunders (Ms. Saunders) as Defendants. The Clarks and Ms. Saunders answered and filed motions for summary judgment. On November 9, 2007, the trial court dismissed the matter without prejudice for want of prosecution and assessed costs equally against the Defendants.

On November 29, 2007, the Clarks filed a motion to alter or amend the order of dismissal. In their motion to alter or amend, the Clarks asserted that, in their motion for summary judgment, they had prayed for an award of attorney's fees as the prevailing party pursuant to the contract for the sale of the real property entered into by themselves and the Frenches. They asserted that the Frenches had failed to respond to their motion for summary judgment, and prayed that the cause be dismissed with prejudice and for a declaration that they were the prevailing parties for the purposes of the purchase and sale agreement. The Clarks' motion to alter or amend was heard in the trial court on January 11, 2008. On January 25, the trial court heard the Clarks' motion for summary judgment and, at the conclusion of the hearing, ruled that it would enter an order granting the Clarks summary judgment. In February 2008, the trial court entered an order vacating its November 9, 2007 order. The trial court also entered an order dismissing Ms. Saunders and Riverbluff Cooperative, Inc.

On April 15, 2008, the trial court again dismissed the matter without prejudice for want of prosecution, and assessed costs against the Frenches. On April 17, the Clarks filed a motion to alter or amend and moved the court to grant them summary judgment consistent with the court's ruling of February 25, 2008. The trial court entered an order vacating its April 15 order on May 2, 2008. On May 2, the trial court also entered an order granting the Clarks summary judgment as prayed for in their motion. On November 21, 2008, the Clarks' legal counsel filed a motion on attorney's fees and costs and an affidavit in support of fees in the amount of $25,691.00 and costs in the amount of $1,380.61.

The trial court heard the Clarks' motion for attorney's fees and costs on December 12, 2008. At the December hearing, the Frenches asserted that the trial court no longer had jurisdiction over the matter where its order on summary judgment was filed more than thirty days prior to the Clarks' motion for attorney's fees. The Frenches also asserted that the Clarks could not recover attorney's fees despite the provisions of the parties' contract where they had not affirmatively demanded them in a counter-claim in accordance with Tennessee Rules of Civil Procedure 13.01. On February 3, 2009, the trial court entered an order denying the Clarks' their attorney's fees under the contract on the grounds that they had not

asserted the claim for attorney's fees as a counter-claim. The Clarks filed a timely notice of appeal to this Court.

## *Discussion*

The parties do not dispute that the Clarks were entitled to attorney's fees as the prevailing party under the terms of the agreement for the sale of real property executed by the Clarks and the Frenches. The only question before this Court is whether the trial court erred in its determination that the Clarks had failed to properly assert their claim for fees. Upon review of the record, we agree with the Clarks that they continually asserted their claim for attorney's fees throughout the course of this lawsuit.

Although the Clarks did not include a subtitle specifically stating "counter-claim" in their July 2006 answer, their answer concluded with the prayer: "that pursuant to the provisions of Paragraph 13 of the Purchase and Sale Agreement attached as Exhibit A hereto, the Clark Defendants be awarded their expenses and reasonable attorney's fees in connection with these proceedings[.]" Additionally, the Clarks prayed for attorney's fees pursuant to the parties' agreement in their November 2007 motion for summary judgment. When the Clarks' motion for summary judgment was heard in January 2008, the issue of attorney's fees was discussed and legal counsel for the Frenches stated:

> Now, there is an issue concerning attorneys fees of which I don't know that there's [necessarily any] affidavits pending before that. I'll certainly want to be heard on that, and we need to conduct some discovery associated with those costs and fees.

The Frenches apparently failed to conduct that discovery and, on May 2, 2008, the trial court entered its order awarding Clarks summary judgment "as prayed for in their Motion." The Frenches did not dispute the Clarks' claim for attorney's fees as asserted in their answer or in their motion for summary judgment. The matter was clearly before the trial court and tried by consent when the Clarks' motion for summary judgment was heard in January 2008. When the Clarks' motion for fees was heard in December 2008, the only matter that was before the court for its determination was the amount of the attorney's fees to be awarded to the Clarks. Additionally, because the Clarks asserted a claim for fees pursuant to the parties' contract in their answer and in their motion for summary judgment, the trial court's judgment was not final until entry of the trial court's order on reasonable attorney's fees.

***Holding***

In light of the foregoing, the trial court's order of February 3, 2008, denying the Clarks an award of attorney's fees is reversed.  The Clarks assert they are entitled to an award of attorney's fees on appeal.  In light of the purchase and sale agreement contained in the record, we agree.  This matter is remanded to the trial court for further proceedings to determine the amount of reasonable attorney's fees to be awarded to the Clarks.  Costs of this appeal are taxed to the Appellees,  Taylor N. French and wife, Gail L. French.

_____

DAVID R. FARMER, JUDGE